CHUNJI JIN, Petitioner,

v.

Eric H. HOLDER, Jr., United States Attorney General, Respondent.*

No. 08–6199–ag.

United States Court of Appeals, Second Circuit.

Nov. 10, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Jie Han, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Shelley R. Goad, Senior Litigation Counsel; Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Chunji Jin, a native and citizen of China, seeks review of a November 28, 2008 order of the BIA affirming the April 13, 2006 decision of Immigration Judge ("IJ"), which pretermitted her application for asylum, and denied her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Chunji Jin,* No. A097 956 612 (B.I.A. Nov. 28, 2008), *aff'g* No. A097 956 612 (Immig. Ct. N.Y. City Apr. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this court reviews the IJ's decision as modified by the BIA decision. *See Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Because the BIA did not uphold the IJ's adverse credibility determination, we assume Jin's credibility. *Id.* We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). "We review *de novo* questions of law and the application of law to undisputed fact." *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

An applicant's credible testimony alone may suffice to carry her burden of proof in establishing eligibility for relief. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C); *see also Liu v. Holder,* 575 F.3d 193, 196–97 (2d Cir.2009). In this case, however, the agency denied Jin's application for withholding of removal because she failed to provide reasonably available corroborative evidence concerning material elements of her claim. Under the REAL ID Act amendments, which apply to Jin's application for relief, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Matter of S–B–,* 24 I. & N. Dec. 42, 45 (B.I.A.2006). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ...

unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

The record supports the agency's conclusion that Jin failed to provide reasonably available corroborative evidence. *See Liu*, 575 F.3d at 196. The BIA explained that although Jin testified that she was forced to undergo an abortion in China, she did not provide any affidavits in support of her claim or "any independent medical or other corroborating evidence, despite testifying that she had daily communication with her husband in China." The BIA noted that the IJ asked Jin why she failed to provide an affidavit from her husband corroborating her testimony but that she failed to provide a reasonable explanation for its absence. Indeed, Jin never provided an explanation for its absence during her testimony, in her brief to the agency, or in her brief to this court. Thus, the agency did not err in finding that Jin failed to provide reasonably available corroborative evidence in support of her claim. *See Liu*, 575 F.3d at 196 (finding that an IJ may reasonably rely on a lack of corroborating evidence where there is "no indication on the record that such evidence was unavailable, and [petitioner] has not provided an explanation on appeal for his failure to present such corroborating evidence").

Substantial evidence supports the agency's finding that Jin failed to present reasonably available corroboration. The agency reasonably found that she failed to meet her burden of proof in establishing eligibility for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).